STRANCH, Circuit Judge,
dissenting.
DISSENT
“Where nothing about the request for counsel or the circumstances leading up to the request would render it ambiguous, all questioning must cease. In these circumstances, an accused’s subsequent statements are relevant only to the question whether the accused waived the right he had invoked.” Smith v. Illinois, 469 U.S. 91, 98, 105 S.Ct. 490, 83 L.Ed.2d 488 (1984). This is not a case about an ambiguous invocation of counsel. As the government conceded at oral argument, McKinney’s statement that he would “just [as soon] wait until I get a public defender or whatever” was a clear invocation of his constitutional right. Because McKinney thus unequivocally invoked the right to counsel, I would hold that only one question remains — whether or not McKinney validly waived that right. See Edwards v. Arizona, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); Smith, 469 U.S. at 94-95, 105 S.Ct. 490. I therefore respectfully dissent.
In Edwards, the Supreme Court articulated a “rigid prophylactic rule” governing accused persons in custody. Davis v. United States, 512 U.S. 452, 458, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994) (citation omitted). This rule “embodies two distinct inquiries. First, courts must determine whether the accused actually invoked his right to counsel. Second, if the accused invoked his right to counsel, courts may admit his responses to further questioning only on finding that he (a) initiated further discussions with the police, and (b) knowingly and intelligently waived the right he had invoked.” Smith, 469 U.S. at 95, 105 S.Ct. 490 (citations omitted). “Invocation and waiver are entirely distinct inquiries, and the two must not be blurred by merging them together.” Id. at 98, 105 S.Ct. 490. Here, focusing on whether the police continued to interrogate McKinney as opposed to whether he validly waived his asserted right does just that and is thus an *376 unreasonable application of Supreme Court precedent.
The Supreme Court emphasized in Smith v. Illinois that once an accused requests counsel, as McKinney undisput-edly did here, “[n]o authority, and no logic, permits the interrogator to proceed ... on his own terms and as if the defendant had requested nothing, in the hope that the defendant might be induced to say something casting retrospective doubt on his initial statement that he wished to speak through an attorney or not at all.” Id. at 99, 105 S.Ct. 490 (second alteration in original) (citation omitted). This prohibition is not limited to further interrogation. Case law is clear that police may not “badger[] a defendant into waiving his previously asserted” right to counsel. McNeil v. Wisconsin, 501 U.S. 171, 177, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991). “Once a suspect asserts the right, not only must the current interrogation cease, but he may not be approached for further interrogation ‘until counsel has been made available to him[.]’ ” Id. at 176-77, 111 S.Ct. 2204 (emphasis added). “If the police do subsequently initiate an encounter in the absence of counsel ... the suspect’s statements are presumed involuntary and therefore inadmissible!).]” Id. at 177, 111 S.Ct. 2204.
The Supreme Court has emphasized repeatedly that a “suspect must unambiguously request counsel” and that “ ‘a statement either is such an assertion of the right to counsel or it is not.’ ” Davis, 512 U.S. at 459, 114 S.Ct. 2350 (quoting Smith, 469 U.S. at 97-98, 105 S.Ct. 490). The government concedes that McKinney’s first statement was.. Consequently, his “subsequent statements are relevant only to the question whether [he] ... waived the right he had invoked.” Smith, 469 U.S. at 98, 105 S.Ct. 490; see also id. (“[A] valid waiver ‘cannot be established by showing only that [the accused] responded to further police-initiated custodial interrogation.’ ” (second alteration in original) (quoting Edwards, 451 U.S. at 484, 101 S.Ct. 1880)). The question of waiver has not been fully briefed by the parties. Because I believe that it is the waiver analysis that must be undertaken in this case, however, I respectfully dissent.